UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ROBERTO RÍOS-MARCANO,

    Plaintiff,

v.

COMMONWEALTH OF PUERTO RICO, et al.,

    Defendants.

Civil No. 08-2256 (JAF)

**OPINION AND ORDER**

Plaintiff, Roberto Ríos-Marcano, brings the present action under 42 U.S.C. § 1983 against Defendants, Commonwealth of Puerto Rico ("Commonwealth"), the Administration of Corrections ("AOC"), Warden José Vega-Aponte, of Zarzal Detention Facility, Custodial Officer Henry Marcano, and an unnamed insurance company. (Docket No. 2.) Commonwealth, AOC, and Vega-Aponte (together, "Movants") move to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket No. 19.) Movants filed a supplement to the motion to dismiss. (Docket No. 24.) The motion is unopposed.

**I.**

**Factual and Procedural History**

We derive the following facts from Plaintiff's complaint. (Docket No. 2.) Plaintiff is an inmate in the penal custody of the Commonwealth, confined at the Zarzal Detention Facility in Río Grande, Puerto Rico. On July 23, 2008, Plaintiff suffered a slip-and-fall accident in the

Civil No. 08-2256 (JAF)                                                                                          -2-

prison facility's bathroom shower. Plaintiff slipped and cut his arm on the sharp edges of the floor tiles. Plaintiff was then rushed to the facility's hospital, where he received twelve stitches. Afterward, Plaintiff complained to prison officials, repeatedly, about the bathroom floor, but the prison officials did not respond. On October 29, 2008, Plaintiff filed a complaint in this court under 42 U.S.C. § 1983. Movants moved to dismiss on March 9, 2009. (Docket No. 19.) Plaintiff has not opposed the motion.

## II.

### Standard Under Rule 12(b)(6)

A defendant may move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). However, mere legal conclusions "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted).

### III.

### Analysis

Considering that Plaintiff appears pro se, we construe his pleadings more favorably than we would pleadings drafted by an attorney. See Erickson, 551 U.S. at 94. However, Plaintiff's pro-se status does not insulate him from the strictures of procedural and substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Section 1983 provides a civil remedy for violation of a federal right by a person acting under the color of state or territorial law. 42 U.S.C. § 1983. Defendants argue that Plaintiff fails to state a claim under § 1983 because (1) Commonwealth, AOC, and Vega-Aponte are entitled to state sovereign immunity (Docket No. 19); (2) Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (id.); (3) Plaintiff has not shown which federally protected right, if any, has been violated (Docket No. 24); (4) Plaintiff's complaint lacked sufficient facts to state a claim of relief that is plausible on its face (Docket No. 10); and (5) Defendants are entitled to qualified immunity (Docket No. 24). Because our determination below rests on the first four arguments, we need not address the last.

**A.   State Sovereign Immunity**

Under the Eleventh Amendment, "an unconsenting State is immune from federal-court suits brought by its own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974); see U.S. Const. amend. XI. The applicability of sovereign immunity is a jurisdictional question. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996). "For

Eleventh Amendment purposes, the Commonwealth is treated as if it were a state; consequently, the Eleventh Amendment bars any suit brought against it." Gotay-Sánchez v. Pereira, 343 F. Supp. 2d 65, 71-72 (D.P.R. 2004) (citing Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935 (1st Cir. 1993)). Eleventh Amendment immunity extends to commonwealth agencies that function as "arms of the Commonwealth." Rivera v. Medina, 963 F. Supp. 78, 82 (D.P.R. 1997), vacated on other grounds sub nom. Barreto-Rivera v. Medina-Vargas, 168 F.3d 42 (1st Cir. 1999).

Since the Commonwealth has not consented to litigation in this case, we lack the power to hear Plaintiff's case against it. See Gotay-Sánchez, 343 F. Supp. 2d at 71-72. Likewise, we cannot hear Plaintiff's case against the AOC, an administrative organ of the Commonwealth. See Rivera v. Medina, 963 F. Supp. at 82. We determine that Commonwealth and AOC are entitled to state sovereign immunity. As to Defendants Vega-Aponte and Marcano, we decline to dismiss them on state sovereign immunity grounds. While it is unclear from his complaint whether Plaintiff sues Defendants Vega-Aponte and Marcano in their individual, as opposed to official, capacities, we must construe Plaintiff's pleadings in the light most favorable to him. And because a suit against Defendants Marcano and Vega-Aponte in their official capacities would be dismissible due to state sovereign immunity, see Culebras Ent. Corp. v. Rivera Rios, 813 F.2d 506, 516 (1st Cir. 1987), we assume for the sake of this motion that they are being sued in their individual capacities.

Civil No. 08-2256 (JAF) -5-

**B.  Exhaustion of Administrative Remedies**

Movants contend that dismissal is required because Plaintiff affirmatively stated in his complaint that he did not exhaust his administrative remedies by seeking relief through prison grievance procedures. (Docket No. 19.)

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although mandatory, exhaustion is an affirmative defense for the defendant to raise and prove, not a jurisdictional bar. Jones v. Bock, 549 U.S. 199, 215-16 (2007). The exhaustion requirement under the PLRA expressly pertains to suits regarding "prison conditions." See 42 U.S.C. § 1997e(a).

Upon examining Plaintiff's complaint, it is clear that he filed for formal relief through the available prison grievance procedures. (Docket Nos. 2; 25.) In his complaint, Plaintiff states: "My grievance complaint was not answered . . . ." (Docket No. 25.) In light of this statement, and by drawing all reasonable inferences in favor of the Plaintiff, we must conclude that he exhausted the available administrative remedies. Accordingly, Movants may not rely on this affirmative defense.

**C.  Eighth Amendment**

Movants contend that Plaintiff has not stated which constitutional right Movants allegedly violated. (Docket No. 24.) Given that Plaintiff complains about the dangerous showers, however, we construe his as a claim of unconstitutional conditions of confinement.

Civil No. 08-2256 (JAF)                                                                                                          -6-

Conditions-of-confinement claims are properly analyzed under the Eighth Amendment. See Rhodes v. Chapman, 452 U.S. 337, 345 (1981).

The Eighth Amendment prohibits "cruel and unusual punishment." U.S. Const. amend. VIII. Under it, prisoners have the right to humane conditions of confinement, which imposes on prison officials a duty to take "reasonable measures to guarantee the safety of the inmates." Giroux v. Somerset County, 178 F.3d 28, 31 (1st Cir. 1999) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)). A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

When evaluating whether a particular condition of confinement constitutes an Eighth Amendment violation, we consult the "evolving standards of decency that mark the progress of a maturing society." Rhodes v. Chapman, 452 U.S. 337, 346 (1981). The Supreme Court has held, for example, that deprivation of essential food, medical care, and sanitation violates the Eighth Amendment, see Estelle v. Gamble, 378 U.S. 546 (1964), whereas housing two prisoners in the same cell ("double celling") does not, see Rhodes, 452 U.S. at 350. In Rhodes, the Supreme Court found that while double celling indeed further endangered prisoners, it did not render the prisons unconstitutionally unsafe. Id. The Court explained that "the Constitution does not mandate comfortable prisons" and that "these considerations properly are weighed by the legislature and prison administration rather than a court." Id. Measuring the instant case against this standard, we find, in line with the Ninth Circuit, that Plaintiff's complaint of

slippery, sharp tiles simply does not rise to the level of a claim for unconstitutional conditions of confinement. See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) ("[S]lippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." (alteration in original)). For the reasons stated above, we find that Plaintiff has not stated a claim upon which relief can be granted.

We note finally that Defendant Marcano is not a party to the instant motion. Where it is clear, however, that a plaintiff cannot prevail and that amending the complaint would be futile, a sua-sponte dismissal may stand. Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (2001). Here, because Plaintiff cannot obtain relief under § 1983, we find that a sua- sponte dismissal is in order.

## IV.
## Conclusion

For the reasons stated herein, we hereby **GRANT** Movant's motion to dismiss (Docket No. 19). We **DISMISS** Plaintiff's claims against the Commonwealth, AOC, Vega-Aponte, Marcano, and Movants' unnamed underwriter insurer (Docket No. 2).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 17th day of December, 2009.

                                                                          s/José Antonio Fusté
                                                                          JOSE ANTONIO FUSTE
                                                                          Chief U.S. District Judge